IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SYLVIA VEGA<br>Plaintiff<br>vs<br>PATRICK R. DONAHOE, Postmaster General, U.S. Postal Service; ROSA E. RODRIGUEZ, United States Attorney for the District of Puerto Rico; and ERIC HOLDER, Attorney General of the United States<br>Defendants | CIVIL 11-2005CCC |

**OPINION AND ORDER**

On June 1, 2009, the U.S. Equal Employment Opportunity Commission (EEOC), Miami District Office, issued an Order Entering Judgment signed by Administrative Judge Lorraine Anaya-Colao in which it was concluded that complainant Silvia Vega "established that she was discriminated against on the basis of retaliation (Prior EEO Activity) in violation of Section 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 20006-16, when on September 5, 2007 she was terminated during her probationary period." Docket entry 43-1, at p. 14.  The EEOC ordered reinstating Ms. Vega "to a permanent position or to one that is substantially equivalent" and that the agency make all efforts to obtain a comparable position in Puerto Rico where Vega resided at the time of the decision.[1]  She was also granted non-pecuniary damages of $1,500.00. The relevant portion of the EEOC judgment has to do with agency compliance.  At page 24, complainant is advised as follows:

> If the Complainant believes that the Agency has failed to comply with the terms of a final action, the Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty calendar days of when the Complainant knew or should have known of the alleged noncompliance. The

---

[1]Although expenses such as relocating to Puerto Rico were denied for failure to present evidence, the ALJ observed at page 16 of docket entry 43-1 that "[a]s a result of her termination, complainant had to relocate back to Puerto Rico."

CIVIL 11-2005CCC                                  2

> Agency shall resolve the matter and respond to the Complainant in writing within thirty days.  If the complainant is not satisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action.  The Complainant may file such an appeal within thirty , calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five calendar days after Complainant has served the Agency with notice of the alleged noncompliance.  A copy of the appeal must be served on the Agency.  The Agency may submit a response to the Commission within thirty calendar days of receiving the Complainant's notice of appeal.

Docket entry 43-1, p. 24 (emphasis ours).

The issue of non-compliance was raised by complainant in a Request for Immediate Implementation on Agency Final Action dated August 17, 2009, sent by Mr. Angel E. Rivera-Ruiz , Vega's attorney, to Mr. Joseph G. Hopkins, EEO Services Analyst for the agency, the U.S. Postal Service (docket entry 39-2).  Complainant asserted that after the agency sent notice that it would implement the Administrative Judge's decision, no action had been taken and requested "the immediate implementation or notification of status of action."  Docket entry 39-2, p. 2.  In its Notice of Final Action filed on July 14, 2009, the Agency, through its EEO Services Analyst Hopkins, had notified complainant that it "will implement the decision of the Administrative Judge."  Docket entry 39-1.  On August 18, 2009, Hopkins answered the complainant's August 17, 2009 Request for Immediate Implementation on Agency Final Action affirming that the Agency "had fully implemented" the decision of the Administrative Judge.  Docket entry 39-2, p. 1.  It also informed complainant that his office was not involved in taking compliance action and referred her to the Agency's "designated attorney or the Manager, EEO Compliance and Appeals for the Southeast Area in Memphis, Tennessee."  Docket entry 39-3, p. 2.

The administrative actions and decisions taken with respect to the compliance matter will be addressed below.  Suffice it to say at this point that plaintiff's request that this Court "issue a declaratory judgment holding that defendants incurred in retaliatory acts and to

order plaintiff's reinstatement to a permanent position" is inappropriate for that decision was taken by the EEOC in its June 1, 2009 Judgment (docket entry 43-1) in which it found that defendant's actions were in violation of Title VII of the Civil Rights Act of 1964. Both determinations are part of the EEOC Judgment's "Legal Conclusion," at Part V, page 14. The dispositive issue before us whether this civil action seeking judicial review of the Commission's final decision on plaintiff's appeal was filed within the 90-day period established in 29 C.F.R. § 1614.407(c). This regulation provides that a complainant is authorized under Title VII to file a civil action in an appropriate U.S. District Court within ninety (90) days of receipt of the Commission's final decision on appeal. The Commission's final decision on Vega's appeal is the "DENIAL" it issued on January 27, 2011, docket entry 39-8, of her request for reconsideration of the Commission's decision in Silvia Vega v. U.S. Postal Service, EEOC Appeal No. 0120103072 (October 20, 2010). The relevant excerpt of the October 20, 2010 EEOC decision issued by the EEOC's Office of Federal Operations in Washington, D.C. entitled Dismissal of Appeal (docket entry 39-6) states:

> **On July 6, 2010, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission) alleging that the Agency did not comply with its final action dated July 14, 2009, which fully implemented an EEOC Administrative Judge's (AJ) decision finding she was discriminated against based on reprisal for prior EEO activity when she was terminated during her probationary period on September 5, 2007, and ordering various remedies. The appeal was filed under 29 C.F.R. § 1614.504(b).**
>
> On October 14, 2009, Complainant filed a civil action (identified as Civil Action No. 3:09-cv-02063) in the United States District Court for the District of Puerto Rico. The record further discloses that the claims raised therein are the same as those raised in the instant appeal, i.e., the Agency's alleged failure to comply with the relief ordered in the AJ's decision and the Agency's final action fully implementing the AJ's decision. Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a Complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court.

Docket entry 39-6 (emphasis ours).

CIVIL 11-2005CCC                                          4

That is, Vega's July 6, 2010 appeal filed under 29 C.F.R. § 1614.504(b) seeking that the Commission determine whether the agency had complied with its decision was dismissed on October 20, 2010, docket entry 39-7, pursuant to 29 C.F.R. § 1614.409.[2] This October 20, 2010 "Dismissal of Appeal" triggered a Petition for Reconsideration by complainant Vega dated November 2, 2010 (docket entry 39-7) filed in the commission's Office of Federal Operations in Washington, D.C. It issued on January 27, 2011 a "Denial" to the reconsideration requested stating that:

> After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120103072 remains the Commission's decision. There is no further right of administrative appeal on .the decision of the Commission on this request.

Docket entry 39-8.

Complainant was expressly advised in the January 27, 2011 "DENIAL" of her right to file a civil action in federal court. The statement of this right was made in unequivocal terms:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

Id.

Plaintiff did not file her civil action until October 11, 2011, clearly outside the 90-day calendar period after notice of the Commission's final January 27, 2011 decision. The Court acknowledges that plaintiff filed an earlier action before Judge Fusté on October 14, **2009**

---

[2]29 C.F.R. § 1614.409 provides in relevant part: "Filing a civil action under § 1614.407 or 1614.408 shall terminate Commission processing of the appeal."

CIVIL 11-2005CCC                                    5

against the U.S. Postal Service and its Postmaster General, Civil 09-2063(JAF).  However, judgment in that case was entered on May 31, 2011 dismissing it "for lack of diligent prosecution and for violation of court orders."   See docket entry 26 in Civil No. 09-2063(JAF).  Plaintiff incorrectly avers in this case that the judgment of dismissal in Civil No. 09-2063 was without prejudice.  Given the procedural history outlined above, the Court is compelled to order the dismissal of the civil action before it for failure to file the same within 90 days of receipt of the EEOC's final decision dated January 27, 2011(docket entry 39-8) denying her request for reconsideration (docket entry 39-7) of its dismissal, as untimely, of her July 6, 2010 appeal with the EEOC alleging that the Agency did not comply with the relief ordered in the Administrative Judge's decision of June 1, 2009.

The Court's disposition in this case should in no way be interpreted to diminish the relief awarded Silvia Vega by the Equal Employment Opportunity Commission, Miami District Office, in its June 1, 2009 Judgment (docket entry 43-1) signed by Administrative Judge Lorraine Anaya-Colao "reinstating complainant to a permanent position or to one that is substantially equivalent" (id., at p. 14).  The decision issued in this case is strictly the result of the procedural route of the administrative proceeding that preceded.  However, the dismissal of this action is **WITHOUT PREJUDICE** of complainant Silvia Vega's right to file a petition for enforcement before the Equal Employment Opportunity Commission pursuant to 29 C.F.R. § 1614.50**3**(a).  As provided therein, such petition for enforcement of the Commission's final decision and judgment of June 1, 2009 (docket entry 43-1) "shall be submitted to the Office of Federal Operations ... and shall specifically set forth the reasons that lead the complainant to believe that the agency is not complying with the decision."  There is no limitations period for the filing of such petition for enforcement by complainant Vega addressed to the alleged lack of compliance by the agency with the EEOC's final decision of June 1, 2009.  The U.S. Postal Service in its own Notice of Final Action dated

CIVIL 11-2005CCC                                        6

July 14, 2009acknowledged that it accepted the Administrative Judge's decision that it incurred in reprisal against complainant and further represented that it would abide by the decision (docket entry 39-1).  Sections 1614.50**3**(b) and (e) point to the duty and the pro-active role that the Office of Federal Operations must exercise on behalf of the Commission to ascertain whether the agency is indeed implementing the decisions of the Commission[3] and, if found not to be in compliance, to make efforts to obtain the same.  If after those efforts the Commission determines that the agency is not complying with a prior decision issued by it, or fails to submit evidence of compliance, pursuant to § 1614.50**3**(g) "the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII ...  and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et. seq., and the mandamus statute, 28 U.S.C. § 1361, or to commence *de novo* proceedings pursuant to the appropriate statutes."

In sum, the Court specifically finds that plaintiff Silvia Vega has the right to petition the Commission for enforcement of its June 1, 2009 Judgment and Order of Reinstatement, and that she can as provided by 29 C.F.R. § 1614.50**3**(a) submit such petition for enforcement to the Office of Federal Operations of the U.S. Equal Employment Opportunity

---

[3]29 C.F.R. §§ 1614.50**3**(b) and (e) provide:

- (b) Compliance.  On behalf of the Commission, the Office of Federal Operations shall take all necessary action to ascertain whether the agency is implementing the decision of the Commission. If the agency is found not to be in compliance with the decision, efforts shall be undertaken to obtain compliance.

- (e) Commission notice to show cause. The Commission may issue a notice to the head of any Federal agency that has failed to comply with a decision to show cause why there is noncompliance.  Such notice may request the head of the agency or a representative to appear before the Commission or to respond to the notice in writing with adequate evidence of compliance or with compelling reasons for non-compliance.

CIVIL 11-2005CCC                                              7

Commission, P.O. Box 77960, Washington D.C. 20013.  If she files such petition for enforcement, the procedures established in § 1614.50**3**(b), (e) and (g) govern the process due to complainant Silvia Vega in the consideration of her petition for enforcement before the Commission.  Subsequently, she has the right to be informed by the Commission that she can file a civil action before this Court or any appropriate U.S. district court for enforcement of the Commission's final decision if the Commission, at the administrative level, previously determined that the U.S. Postal Service did not comply with its Notice of Final Action or that it failed or refused to submit any report of compliance that was required by the Commission.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 17, 2014.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge